UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS A. RUSSOMANO, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *  Civil Action No. 20-cv-10077-ADB |
| NOVO NORDISK INC., | * |
| | * |
| Defendant. | * |
| | * |
| | * |

**MEMORANDUM AND ORDER ON MOTION TO STAY DISCOVERY**

BURROUGHS, D.J.

Plaintiff Thomas Russomano ("Russomano") resigned from his position with Defendant Novo Nordisk, Inc. ("Novo") on January 6, 2020, and accepted a position with third-party Defendant, BioMarin Pharmaceutical, Inc. ("BioMarin"). [ECF No. 2-1 ¶ 5]. Russomano then filed a complaint for declaratory judgment in Suffolk County Superior Court on January 9, 2020, to resolve the parties' disagreement as to whether Russomano's confidentiality and noncompete agreement with Novo precludes him from working for BioMarin. See [id. ¶ 7]. Novo filed a notice of removal on January 15, 2020, [ECF No. 2], and a motion for a preliminary injunction and temporary restraining order on January 21, 2020, [ECF No. 9]. After a hearing on the motion, [ECF Nos. 27, 33], the Court denied Novo's request for a preliminary injunction and temporary restraining order, [ECF No. 37], which Novo appealed, [ECF No. 39]. Currently pending before the Court is Russomano and BioMarin's motion for a stay of discovery pending appeal. [ECF No. 54]. For the reasons set forth below, Russomano and BioMarin's motion, [ECF No. 54], is DENIED.

**I.     BACKGROUND**

After the Court denied Novo's motion for a preliminary injunction and temporary restraining order, [ECF No. 37], Novo filed a notice of appeal on February 7, 2020, [ECF No. 39], and an emergency motion for a preliminary injunction pending appeal on February 14, 2020, [ECF No. 45]. On February 26, 2020, the Court denied the emergency motion. [ECF No. 51]. Novo then filed a motion with the First Circuit for an injunction pending appeal, which the First Circuit denied on March 17, 2020. Russomano, et al. v. Novo Nordisk Inc., No. 20-1173 (1st Cir. 2020). The First Circuit did, however, grant Novo's request for an expedited appeal, although oral argument, originally scheduled for May, has been delayed. See [id.; ECF No. 55 at 1–2].

On May 4, 2020, Russomano and BioMarin filed the instant motion to stay discovery pending appeal, [ECF No. 54], which Novo opposes, [ECF No. 55].

**II.    LEGAL STANDARD**

"[A]s a general rule, the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" United States v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998) (quoting United States v. Mala, 7 F.3d 1058, 1061 (1st Cir. 1993)); see also Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, "[a]ppeal from an interlocutory order does not divest [district] court[s] of jurisdiction to proceed with matters unrelated to the appeal." Rigby v. Damant, 486 F. Supp. 2d 222, 225 (D. Mass. 2007). As a result, "[t]he general rule for an interlocutory appeal of a preliminary injunction is that it 'does not defeat the power of the trial

court to proceed further with the case.'" Pharm. Care Mgmt. Ass'n v. Me. Att'y Gen., 332 F. Supp. 2d 258, 259 (D. Me. 2004) (quoting 16 Charles Alan Wright et al., Federal Practice and Procedure § 3921.2 at 53 (3d ed. 1999)).

Federal Rule of Civil Procedure 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in connection with discovery requests. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). "As specified in [Rule] 26(c), however, a showing of good cause is required to justify any protective order." Trs. of Bos. Univ. v. Everlight Elecs. Co., Ltd., No. 12-cv-11935, 2014 U.S. Dist. LEXIS 146542, at *9 (D. Mass. July 8, 2014) (alteration in original) (quoting Baker v. Liggett Group, Inc., 132 F.R.D. 123, 125 (D. Mass. 1990)). Further, "United States District Courts have the discretionary power to stay proceedings." Bank of Am., N.A. v. WRT Realty, L.P., 769 F. Supp. 2d 36, 39 (D. Mass. 2011) (citing Landis v. North Am. Co., 299 U.S. 248, 254–55 (1936)). "That power 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' Deciding whether to stay proceedings involves balancing the interests of the parties and the Court." Id. (quoting Landis, 299 U.S. at 254).

### III. DISCUSSION

Russomano and BioMarin seek to stay discovery pending the First Circuit's resolution of Novo's appeal, citing the burden of discovery and the availability of relevant materials that have already been produced in two related cases. [ECF No. 54 at 3–4]. In addition, they argue that "the foundational issue of this case—whether Novo has an enforceable non-compete agreement

3

with Russomano that would prohibit him from working in the hemophilia field for BioMarin—is currently pending before the First Circuit." [Id. at 2]. Novo objects to a stay on the basis that the First Circuit is faced only with a decision as to the Court's denial of Novo's motion for preliminary injunction, rather than the merits of the case. [ECF No. 55 at 4].

In its Order denying Novo's motion for a preliminary injunction, the Court found "that Novo terminated Russomano on August 3, 2018, and that his noncompete obligations under a 2016 [confidentiality and noncompete agreement] therefore expired on August 3, 2019." [ECF No. 37 at 8]. The Court noted, however, that "findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits," [id. at 9 (quoting Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981))], and observed that its findings were "limited to its review of the evidence presented by both parties at the evidentiary hearing on January 27–28, 2020, and the parties' briefings," [id.]. Although Russomano and BioMarin suggest that the First Circuit's decision will go to the merits of this issue, Novo is correct that the First Circuit's decision will likely be limited to a review of this Court's Order as to the preliminary injunction, which the Court explicitly stated was not a binding decision on the merits. See [id.]. Even if the First Circuit were to find that the Court incorrectly denied Novo's motion, that would result in injunctive relief, but presumably would not otherwise resolve the case on its merits.

In a 2004 Order, the District of Maine denied a motion to stay discovery pending appeal in similar circumstances:

> By definition, the Orders could not hold that the plaintiff would in fact succeed on the merits after discovery and trial. Thus, on the interlocutory appeal of the Orders, the Court of Appeals also will not hold finally that the plaintiff will win or lose, but will evaluate the likelihood of success (and the other pertinent parts of the 4-part standard). . . . Any decision in the Court of Appeals on the preliminary injunction will by definition be preliminary so far as the merits are concerned. It is an

4

appropriate use of judicial resources (and those of the parties) to proceed with the actual merits so as to obtain a final resolution.

Pharm. Care Mgmt. Ass'n, 332 F. Supp. 2d at 260.  Because the First Circuit's resolution of Novo's appeal will not terminate the case or otherwise obviate the need for discovery, the Court, in its discretion, will not enter a protective order or stay discovery pending appeal.  See Seattle Times, 467 U.S. at 36.

As an additional matter, Russomano and BioMarin raise concerns about proceeding with discovery in the midst of the current pandemic.  [ECF No. 54 at 4–5].  Although the Court will not stay discovery, it will consider proposals from the parties as to how best to approach discovery in light of circumstances surrounding the pandemic.  See [ECF No. 55 at 5 (proposing possible workarounds for discovery)].  The Court notes, however, that discovery will not be delayed indefinitely, and the parties should consider ways to accomplish discovery remotely.

## IV.     CONCLUSION

Accordingly, for the reasons set forth herein, Russomano and BioMarin's motion to stay discovery, [ECF No. 54], is DENIED.  The parties are to submit a proposed schedule, indicating whether they object to the Court setting a schedule on their written submission, by June 17, 2020.

**SO ORDERED.**

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE